**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **VINCENZO MONTELEONE,** | : | |
| | : | |
| **Petitioner** | : | **CIVIL NO. 1:CV-06-1840** |
| | : | |
| **v.** | : | **(Judge Conner)** |
| | : | |
| **RONNIE HOLT, WARDEN,** | : | |
| | : | |
| **Respondent.** | : | |

**MEMORANDUM**

Presently before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, filed by petitioner Vincenzo Monteleone ("Monteleone"), an inmate currently incarcerated at the Federal Correctional Institution at Schuylkill, in Minersville, Pennsylvania. Monteleone is challenging the Bureau of Prisons' ("BOP") calculation of his federal sentence. For the reasons that follow, the petition will be denied.

I.   **Statement of Facts**

On July 24, 1998, Monteleone was arrested by Pennsylvania local authorities for aggravated assault, simple assault, terroristic threats, recklessly endangering another person, and weapons offenses. (Doc. 10-2 at 4.) These charges were dismissed in lieu of federal prosecution. (Id.) However, Monteleone remained in state custody for a probation violation stemming from an eighteen (18) month probation term imposed in Columbia County, Pennsylvania. (Id.) The probation term was revoked on September 24, 1998, and Monteleone was ordered to serve a term of imprisonment of eight (8) to twenty-three (23) months for the probation

violation.  (Id.)  The Columbia County jail verified that Monteleone's time of

incarceration from July 24, 1998, through September 23, 1999, was applied toward the

probation violation term of imprisonment.  (Id. at 5.)  On September 23, 1999,

Monteleone completed that state sentence and was released to the custody of the

United States Marshals Service.  (Id.)

On February 16, 2000, the United States District Court for the Middle District

of Pennsylvania sentenced Monteleone to a term of imprisonment of one hundred

and five (105) months following Monteleone's guilty plea to charges of unlawful

possession of a sawed-off shotgun, see 26 U.S.C. §§ 5841, 5861, 5871.  In its Judgment

and Commitment, the district court made no recommendation to the BOP that

Monteleone receive credit toward his federal sentence pursuant to section 5G1.3 of

the United States Sentencing Guidelines ("U.S.S.G.").[1]  (See United States v.

Monteleone, M.D. Pa., 4:99-cr-00181, Doc. 27.)  However, the BOP applied prior

custody credit for time Monteleone spent in federal custody from September 24, 1999,

through February 15, 2000. (Doc. 10-2 at 8.)  Assuming Monteleone maintains good

conduct, his projected release date from federal custody is March 12, 2008.  (Id. at 7.)

---

[1] In his response to the petition, respondent states that neither the guilty plea nor the sentencing proceeding was transcribed.  (Doc. 10-1 at 3, n.1.)  Thus, transcripts are unavailable.  The electronic filing system of the United States District Court for the Middle District of Pennsylvania confirms this statement.  (See United States v. Monteleone, M.D. Pa., 4:99-cr-00181, Docs. 23 & 26.)  Under Rule 5(c) of the Rules Governing § 2254 Cases, applicable to petitions filed under 28 U.S.C. § 2241 in the discretion of the court, "If a transcript cannot be obtained, the respondent may submit a narrative summary of the evidence."  Thus, respondent may proceed without a transcript.

Monteleone filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on September 19, 2006.  (Doc. 1.)  On September 26, 2006, an order to show cause was issued, directing respondent to reply to Monteleone's petition.  (Doc. 4.)  The matter is now ripe for disposition.

## II.   Discussion

A petition for writ of habeas corpus under § 2241 is the proper vehicle for relief "where petitioner challenges the effect of events 'subsequent' to his sentence," Gomori v. Arnold, 533 F.2d 871, 874 (3d Cir. 1976), and where he challenges the execution of his sentence rather than its validity, see United States v. Addonizio, 442 U.S. 178, 185-88 (1979); Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001).  Thus, Monteleone has properly invoked section 2241 to challenge the determination of sentencing credit by the BOP and has done so in the proper district, where he is imprisoned.  Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1990).

The Attorney General is responsible for computing federal sentences for all offenses committed after November 1, 1987, United States v. Wilson, 503 U.S. 329 (1992), 18 U.S.C. § 3585, and the Attorney General has delegated this authority to the Director of the Bureau of Prisons, 28 C.F.R. § 0.96 (1992).  Computation of a federal sentence is governed by 18 U.S.C. § 3585, and consists of the following two-step process: (1) a determination of the date on which the federal sentence commences, and (2) consideration of any credit to which petitioner may be entitled.  Chambers v. Holland, 920 F. Supp. 618, 621 (M.D. Pa. 1996).

Section 3585(a) provides that a federal sentence commences "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). Further, a determination of whether credit is warranted for time spent in custody prior to the commencement of a federal sentence is governed by 18 U.S.C. § 3585(b). This section provides the following:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences - -
>
> > (1) as a result of the offense for which the sentence was imposed; or
> >
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

Id. Thus, under § 3585(b), prior custody credit cannot be granted if the prisoner has received credit toward another sentence. See also Chambers, 920 F. Supp. at 622. "Congress made clear that a defendant could not receive double credit for his detention time." Wilson, 503 U.S. at 337. Monteleone does not dispute that he received prior credit pursuant to § 3585(b) for time served in federal custody from September 24, 1999, through February 15, 2000.

Rather, Monteleone is seeking credit toward his federal sentence for the time he spent in state custody from July 24, 1998, through September 23, 1999, for a state probation violation. However, § 3585(b) authorizes credit for time served only if the time has not already been credited toward another sentence. Thus, the time period

4

of July 24, 1998, through September 23, 1999, cannot be credited to Monteleone's federal sentence because that time period was already credited to his Pennsylvania sentence for the state parole violation.

In his petition Monteleone claims that the district court judge made oral pronouncements at sentencing indicating that Monteleone would receive credit toward his federal sentence for the time he had served in the Columbia County jail from July 24, 1998, through September 23, 1999.  As a result, he asks the court to grant him credit for that time served pursuant to Ruggiano v. Reish, 307 F.3d 121 (3d Cir. 2002).

Federal law, specifically 18 U.S.C. § 3584 and U.S.S.G. § 5G1.3, allows a sentencing court to award a concurrent sentence to a defendant who is subject to an undischarged term of imprisonment.  Section 5G1.3 endeavors to coordinate the sentencing process "with an eye toward having such punishments approximate the total penalty that would have been imposed had the sentences for the different offenses been imposed at the same time (i.e., had all of the offenses been prosecuted in a single proceeding)."  Witte v. United States, 515 U.S. 389, 404-05 (1995).

The sentencing court's authority under § 5G1.3(c) to "adjust" a sentence is distinct from the BOP's authority under 18 U.S.C. § 3585(b) to "credit" a sentence, even though the benefit to the defendant may be the same.  Ruggiano, 307 F.3d at 131-33.  In Ruggiano, the court held that in imposing a sentence, a district court may grant an "adjustment" for time served on a pre-existing sentence pursuant to

U.S.S.G. § 5G1.3(c).[2]  Id.  To determine the credit intended, "the appropriate starting

point is to ascertain the meaning that we should ascribe to the sentencing court's

directives."  Rios v. Wiley, 201 F.3d 257, 264 (3d Cir. 2000).[3]  When there is an

ambiguity between the oral pronouncement of sentence and the written sentence, the

court may recognize that the oral sentence "often consists of spontaneous remarks"

that are "addressed primarily to the case at hand and are unlikely to be a perfect or

complete statement of the surrounding law."  Ruggiano, 307 F.3d at 133 (quoting

Rios, 201 F.3d at 268).  It is therefore essential to consider the context in which the

statement is made.  Ruggiano, 307 F.3d at 134.

   In the instant case, the documentary evidence[4] clearly establishes that there

was no state sentence in effect on February 16, 2000, the date Monteleone was

---

[2] Notably, application note 3(E) to U.S.S.G. § 5G1.3 (U.S. Sentencing
Guidelines Manual § 5G1.3 cmt. n.3(E) (2003)) appears to conflict with the holding in
Ruggiano.  The note provides that "subsection (c) does not authorize an adjustment
of the sentence for the instant offense for a period of imprisonment already served
on an undischarged term of imprisonment."  Although credit may be given in
extraordinary circumstances for time served on a pre-existing sentence, the credit
is properly deemed a downward departure and not an adjustment.
Notwithstanding this note, Ruggiano remains the controlling precedent.  While the
Third Circuit Court of Appeals has addressed the effect of note 3(E) on the
Ruggiano holding, and has found that the note abrogated Ruggiano, it has not done
so in a "Precedential" opinion.  See United States v. Destio, 153 F. App'x 888, 893-94
(3d Cir. 2005).

[3] In Rios, the Third Circuit considered the application of § 5G1.3 prior to its
amendment, effective November 1, 1996, in a situation in which a court sentenced a
defendant already subject to an undischarged term of imprisonment for a separate
offense.  201 F.3d at 260.

[4] Respondent asserts that any oral statements made at sentencing are
unavailable.  See supra note 1, at 2.

sentenced in federal court.  Thus, § 5G1.3(c) and <u>Ruggiano</u> are not applicable.

Specifically, § 5G1.3(c) provides that "[i]n any other case involving an *undischarged*

term of imprisonment, the sentence for the instant offense may be imposed to run

concurrently, partially concurrently, or consecutively to the prior *undischarged* term

of imprisonment to achieve a reasonable punishment for the instant offense."

U.S.S.G. § 5G1.3(c) (emphasis added).  Because Monteleone completed his state

sentence and was discharged on September 23, 1999, one hundred and forty-five (145)

days before he received a federal term of imprisonment, he is precluded from a grant

of relief pursuant to § 5G1.3(c).  Moreover, under <u>Ruggiano</u>, without a "pre-existing

state sentence" at the time of federal sentencing, it is not possible for a federal judge

to order the federal sentence run concurrently with a state sentence and grant an

adjustment of the federal sentence as a result.  Here, the state sentence simply did

not exist at the time the district court sentenced Monteleone on February 16, 2000.

Therefore, § 5G1.3(c) and <u>Ruggiano</u> are not applicable in this case, and the BOP did

not err in its calculation of Monteleone's federal sentence.  Consequently, the petition

for writ of habeas corpus will be denied.

    An appropriate order will issue.


                              S/ Christopher C. Conner
                              CHRISTOPHER C. CONNER
                              United States District Judge


Dated:     July 3, 2007

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **VINCENZO MONTELEONE,** | : | |
| | : | |
| **Petitioner** | : | **CIVIL NO. 1:CV-06-1840** |
| | : | |
| **v.** | : | **(Judge Conner)** |
| | : | |
| **RONNIE HOLT, WARDEN,** | : | |
| | : | |
| **Respondent.** | : | |

## <u>ORDER</u>

AND NOW, this 3rd day of July, 2007, upon consideration of the petition for writ of habeas corpus (Doc. 1), it is hereby ORDERED that:

1.  The petition for writ of habeas corpus (Doc. 1) is DENIED.

2.  The Clerk of Court is directed to CLOSE this case.

<u>    S/ Christopher C. Conner    </u>
CHRISTOPHER C. CONNER
United States District Judge